Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000637
30-JUN-2017
09:31 AM

NO. CAAP-16-0000637

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CENTRAL PACIFIC BANK, Plaintiff-Appellee,
v.
WILLIAM HALEMANO FREDERICK, Defendant-Appellant,
and
MARY KATHERINE FREDERICK,
SEA COUNTRY COMMUNITY ASSOCIATION, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE NON-PROFIT CORPORATIONS 1-50;
AND DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2199-10)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant William Halemano Frederick
(**Frederick**), pro se, appeals from the "Order Denying Defendants'
Verified Emergency Motion for Void Judgment Due to the Affidavit
of Damon Stanford Filed on August 8, 2016," filed on September
30, 2016, in the Circuit Court of the First Circuit (**circuit
court**).[1]  Frederick had sought relief from the circuit court's
earlier foreclosure judgment, in favor of Central Pacific Bank

_____

[1]  The Honorable Bert I. Ayabe, presided.

(CPB), by way of a motion based on Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b).[2]

On appeal, Frederick[3] contends that:[4]

1. The Lower Court abused its discretion when it effectively held that CPB did not need to prove it was the real party in interest and had standing to judicially foreclose on the subject property prior to filing its complaint. The affidavit proffered in support of Summary judgment contain false statements; absent those false statement, Summary Judgment would not have been granted.

2. As a result of the aforementioned, the Lower Court incorrectly denied HOMEOWNERS Verified Emergency Motion for Void Judgment Due to the Affidavit of Damon Stanford.

In his amended opening brief, Frederick raised the following points of error:

a) Whether the lower court abused its discretion in not applying the correct laws regarding contracts.

b) Whether state law can override federal constitutional provisions guaranteed by the U.S. constitution. Art. I § 10 cl. 1, and the Fifth and Fourteenth Amendment.

---

[2] HRCP Rule 60(b) provides, in pertinent part:

**Rule 60. Relief from judgment order.**

. . . .

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void;

. . . .

[3] In addition to Frederick, the Complaint named several other defendants who did not appeal. Thus, Frederick is the only appellant in this appeal.

[4] Frederick filed his opening brief on January 3, 2017, and thereafter sought leave to amend his opening brief. On March 21, 2017, this court granted Frederick's request to amend his opening brief. On April 17, 2017, Frederick filed his amended opening brief. Frederick's opening brief and amended opening brief fail to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28 because, among other things, they do not provide record citations, which raises the potential for dismissal of the appeal. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). However, because we seek to address cases on the merits where possible, we address Frederick's arguments to the extent they are discernable. Id.

c) Whether the constitutional rights to property under the Fifth and Fourteenth Amendment, was subverted by the Plaintiff-Appellees, by underhandedly trying to obtain the Appellant's property, through a merger, not covered by contractual law of the original lender.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Frederick's points of error as follows, and we affirm.

On April 30, 2015, the circuit court granted CPB's motion for summary judgment seeking a decree of foreclosure and also entered a Judgment on the decree of foreclosure (**Foreclosure Judgment**). Frederick, along with Mary Katherine Frederick (together, the **Fredericks**), appealed from the Foreclosure Judgment. This court, in Cent. Pac. Bank v. Frederick, No. CAAP-15-0000425, 2016 WL 3219238, at *3 (Haw. App. June 9, 2016) (SDO), affirmed the circuit court's Foreclosure Judgment. In that prior appeal, we concluded, inter alia, that CPB had standing to foreclose on the Note and that the Affidavit of Damon Stanford (**Stanford**), an Assistant Vice President and Manager of Investor Mortgage Servicing of CPB, was admissible. Id. at *1-2. The Fredericks filed a motion for reconsideration, which this court denied on June 27, 2016. The Fredericks did not file an application for Writ of Certiorari to the Hawai'i Supreme Court.

On July 11, 2016, the circuit court granted CPB's motion for confirmation of sale for the subject property.

On August 8, 2016, Frederick filed the subject "Defendants Verified Emergency Motion for Void Judgment Due to the Affidavit of Damon Stanford" (**Rule 60(b) Motion**). Frederick's motion challenged Stanford's Affidavit on a number of grounds[5] and asserted in essence that CPB did not have standing to foreclose on the property. Although his motion purported to

---

[5] For example, Fredrick asserted that Stanford's Affidavit failed to attach documents (thus violating Hawaii Rules of Evidence (**HRE**) Rule 901 and HRCP Rule 56(e)), was not based on Stanford's personal knowledge, and included impermissible conclusions of law.

3

be filed pursuant to HRCP Rule 60(b)(1), (2), (3), and (4), no argument was made related to these provisions.[6]

On September 1, 2016, the circuit court issued a minute order stating that it intended to enter a written order denying Frederick's Rule 60(b) Motion. On September 30, 2016, the circuit court filed the written order denying Frederick's Rule 60(b) Motion. Frederick timely filed a notice of appeal, which resulted in this appeal.

In his appellate briefs, Frederick does not address the requirements under HRCP Rule 60(b). Instead, he asserts arguments directly challenging the Foreclosure Judgment. Thus, Frederick has waived any issues or arguments under HRCP Rule 60(b). See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7).

As to the points and arguments that he does raise in this appeal, they relate to the Foreclosure Judgment which has previously been affirmed in Cent. Pac. Bank v. Frederick, No. CAAP-15-0000425, 2016 WL 3219238 (Haw. App. June 9, 2016) (SDO). The doctrine of res judicata precludes Frederick from relitigating the validity of the Foreclosure Judgment. Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 16-18, 304 P.3d 1192, 1197-99 (2013). Further, even if Frederick articulated an argument under HRCP Rule 60(b)(4), that the Foreclosure Judgment is void for lack of standing, he would not prevail. See Nationstar Mortg. LLC v. Akepa Props. LLC, Nos. CAAP-15-0000407, CAAP-15-0000727, 2017 WL 1401468, at *2 (Haw. App. Apr. 19, 2017) (SDO) (holding that lack of standing does not render a ruling void under HRCP Rule 60(b)(4)).[7]

---

[6] Frederick also cited HRCP Rule 56(g) in his motion, but likewise made no argument in regard to this rule.

[7] In any event, the record shows that there was no transfer of the Note in this case, and Stanford's Affidavit established that: (1) on or about January 28, 2008, the Fredericks executed a Note in favor of lender Central Pacific Homeloans, Inc.; and on February 1, 2012, Central Pacific Homeloans, Inc. merged with and into CPB. Therefore, there appears to be no standing issue under the Hawai'i Supreme Court's recent opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367-70, 390 P.3d 1248, 1254-57 (2017)
(continued...)

Therefore, IT IS HEREBY ORDERED that the "Order Denying Defendant's Verified Emergency Motion for Void Judgment Due to the Affidavit of Damon Stanford Filed on August 8, 2016," filed on September 30, 2016, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2017.

On the briefs:

William H. Frederick,
Defendant-Appellant, pro se.

Mitzi A. Lee,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

_____

[7](...continued)
(holding that a foreclosing plaintiff must establish its standing to foreclose at the time the complaint is filed).